A. B. Ross, plaintiff in error, *vs.* HARVEY & SCOTT, defendants in error.

1. The Dalton and Gadsden Railroad is located in Floyd county, and lands have been ceded to it for that purpose. A number of its stockholders, and one of its directors, reside in Floyd county, but its principal office for the transaction of business is located in Whitfield county. The company brings suit in Floyd Superior Court, against one of the subscribers to its stock, to recover his subscription, and the suit is dismissed by the attorneys for the plaintiff: *Held*, That the company is a *non-resident* of Floyd county, and its attorneys are liable for the costs of the case.

Motion to enter judgment for costs, in Floyd Superior Court. Decided by Judge DENNIS F. HAMMOND, at the January Term, 1861.

Messrs. Harvey & Scott, as attorneys for the plaintiff, brought an action in Floyd Superior Court, in favor of the Dalton and Gadsden Railroad Company, against A. Moore and P. R. Bobo, subscribers to its capital stock, to recover the amount of their subscription.

Subsequently, the suit was dismissed by the attorneys of the plaintiff, and in behalf of the Clerk of said Court, a rule was taken requiring the attorneys to show cause why

judgment should not be entered up against them for the costs due to the Clerk in said case.

The attorneys showed for cause, that at the commencement of said suit, the said company kept their principal office at Dalton, in Whitfield county, but their road had been located through the county of Floyd, lands having been ceded to the company for that purpose; that quite a number of the stockholders in said company, and one of its directors, resided in Floyd county, and that since the suit was commenced, the company had agreed to consolidate its stock and interests with the Georgia and Alabama Railroad Company, whose principal office is located in Rome, Floyd county.

Upon this showing, the presiding Judge decided, that the attorneys were not liable for costs, and discharged the rule against them, and that decision is the error alleged.

R. T. FOUCHE, for plaintiff in error.

HARVEY & SCOTT, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

The only question in this case is, is the plaintiff a non-resident? If so, the Acts of 1812 and 1839 make the attorneys liable for costs. It is admitted that the plaintiff's principal office for doing business is in Dalton, Whitfield county. Their road has been located in Floyd. Lands have been ceded for that purpose. A number of the stockholders, together with one director, reside in Floyd, and moreover, the Dalton and Gadsden roads have, since the institution of the suit, been united with the Georgia and Alabama Road, whose place of doing business is Rome, Floyd county. This last fact comes too late to affect the question, and while it may be true that the location of the road through Floyd will confer jurisdiction for certain purposes, under the special Legislature of 1854 and 1856, yet this case does not fall within them. This is an action by the Dalton and Gadsden Road, against certain stockholders, to collect the assessments

made on their stock as subscribers, and their principal office for doing business is their only place of residence for that purpose. And the fact of their owning property in Floyd county will, we apprehend, make no difference under the Acts of 1812 and 1839. The plaintiff might own property under those acts in the county where the suit was instituted, and that would not exempt the attorney from liability.

Let the judgment be reversed.